**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00103-CR

## IN RE ROMARCUS DEON MARSHALL, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
179th District Court
Harris County, Texas
Trial Court Cause No. 833880

## MEMORANDUM OPINION

On February 3, 2015, relator Romarcus Deon Marshall filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kristin M. Guiney, presiding judge of the 179th District Court of Harris County, to respond to his motion for appointment of counsel regarding DNA testing.

We ordered the Harris County District Clerk to file with this court a supplemental record of the proceedings concerning relator's request for counsel for the purposes of DNA testing. The record reveals that on May 12, 2014, relator filed his motion for the appointment of counsel regarding DNA testing. The trial court appointed Jerome Godinich as relator's counsel on May 13, 2014. The trial court adopted the State's proposed findings of fact on October 17, 2014, among which included findings that (1) because DNA testing of the available evidence would neither determine the identity of the person who committed the offense nor exculpate relator, he had not met the requirements of Chapter 64 of the Code of Criminal Procedure;[1] and (2) relator is not entitled to additional forensic DNA testing under Chapter 64. Consequently, relator's request for relief is moot.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A) (West Supp. 2014) (providing that a convicting court may order forensic testing under this chapter only if, among other requirements, the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing).